**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MERRILL PRIMACK,<br>on behalf of himself and the<br>class members defined herein, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED TECHNOLOGIES<br>CORPORATION; MONITRONICS<br>INTERNATIONAL, INC.;<br>and JOHN DOES 1-10, | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

**COMPLAINT- CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Merrill Primack brings this action to secure redress for the placement of illegal telemarketing calls to his telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1331.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

      a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

      b.      Have transacted or done business in Illinois.

4.      Venue in this District is proper for the same reason.

**PARTIES**

5.      Plaintiff Merrill Primack is a resident of the Northern District of Illinois.

6.      Defendant United Technologies Corporation is a corporation organized under

1

Delaware law with offices at 10 Farm Springs Road, Farmington Connecticut 06032.

7.     Defendant United Technologies Corporation manufactures and sells alarm systems under the name "GE Security".   It acquired its alarm business from General Electric.

8.     Defendant Monitronics International, Inc. is a Texas corporation which does business in Illinois.  Its principal offices are at 2350 Valley View Lane, Suite 100, Dallas, Texas. Its registered agent and office is CT Corporation Services, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

9.     Monitronics is a leading provider of monitoring services for residential and commercial electronic security and alarm equipment.

10.     Defendants Does 1-10 are other natural or artificial persons responsible for the calls complained of.

## FACTS

11.     Plaintiff's home landline telephone has been on the Do-Not-Call Registry since June 2013.

12.     On February 17, 2016, plaintiff received a call at about 12:00 p.m.  The call began with a recorded voice, following which a live person came on the line and offered GE alarm systems sold by United Technologies Corporation and services.

13.     On October 14, 2015, plaintiff received a similar call at about 5:40 p.m. offering GE alarm systems.  In response to plaintiff's questioning, the person on the line stated he was calling on behalf of defendant Monitronics.

14.     On March 18, 2016, plaintiff received a similar call at about 2:05 p.m. offering GE alarm systems and monitoring services through Monitronics.

15.     All calls were from an authorized representative of defendants and offered to sell their products and services.

16.     Plaintiff had not consented in writing to the receipt of telemarketing calls.

17.     Defendants either negligently or wilfully violated the rights of plaintiff in placing

the calls.

18.     Plaintiff suffered damages as a result of receipt of the calls.  Furthermore,
plaintiff's statutory right of privacy was invaded.

19.     Plaintiff is entitled to statutory damages.

## COUNT I – TCPA

20.     Plaintiff  incorporates paragraphs 1-19.

21.     Defendants violated the TCPA by placing telemarketing calls to plaintiff's home
phone:

  a.     Using a prerecorded voice without written consent.

  b.     When the phone was on the "do not call" list.


22.     Regarding the use of prerecorded voice, the TCPA provides, at 47 U.S.C.
§227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside
the United States if the recipient is within the United States–**

**(B) to initiate any telephone call to any residential telephone line using an
artificial or prerecorded voice to deliver a message without the prior express
consent of the called party, unless the call is initiated for emergency
purposes, is made solely pursuant to the collection of a debt owed to or
guaranteed by the United States, or is exempted by rule or order by the
Commission under paragraph (2)(B);**

23.     The TCPA provides a private right of action for violations of the above
restrictions, at 47 U.S.C. §227(b)(3):


**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court
of a State, bring in an appropriate court of that State-**

**(A) an action based on a violation of this subsection or the regulations
prescribed under this subsection to enjoin such violation,**

3

**(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24.     A private right of action for calls made to numbers on the National Do Not Call Registry is also conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC.  47 U.S.C. §227(c)(5) provides:

**(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State may bring in an appropriate court of that State-**

**(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation.**

**(B) an action to recover for actual monetary loss such a violation or to receive up to $500 in damages for each such violation, whichever is great, or**

**(C) both actions.**
**It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to more than 3 times the amount available under subparagraph (B) of this paragraph.**

25.     Plaintiff and each class member is entitled to statutory damages.

26.     Defendants violated the TCPA even if their actions were only negligent.

27.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

28.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

4

two classes.

29.     Class A consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received 2 or more calls (d) on behalf of defendants (e) within a one year period (g) on a telephone listed on the National Do Not Call Registry.

30.     Class B consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (c) received a call on a residential telephone line (d) on behalf of defendants (e) using a prerecorded or artificial voice (f) with respect to whom defendants cannot provide evidence of express written consent prior to the call.

31.     Each class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of each class.

32.     There are questions of law and fact common to the class members that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.      Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to phones registered on the Do Not Call Registry;

        b.      Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a prerecorded voice without the express written consent of the person called.

        c.      The manner in which defendants compiled or obtained the list of telephone numbers;

        d.      Whether defendants thereby violated the TCPA or regulations.

33.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

5

34.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

35.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

36.     Several courts have certified class actions under the TCPA:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*,271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d

844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*,03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

37. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Statutory damages;

(2) An injunction against further violations;

(3) Costs of suit;

(4) Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

38. Plaintiff incorporates paragraphs 1-19.

39. Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by placing telemarketing calls to plaintiff's home phone:

a. Using a recorded voice or automated dialer,without written consent.

b. When the phone was on the "do not call" list.

40. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

41. Plaintiff suffered damages as a result of receipt of the calls.

42. Defendants engaged in such conduct in the course of trade and commerce.

43. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

44. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

two classes.

45.     Class A consists of (a) all persons with telephones in the Illinois area codes (b) who, on or after a date 3 years prior to the filing of this action (c) received 2 or more calls (d) on behalf of defendants (e) within a one year period (e) on a telephone listed on the National Do Not Call Registry.

46.     Class B consists of (a) all persons with telephones in the Illinois area codes (b) who, on or after a date 3 years prior to the filing of this action (c) received a call on a residential telephone line (d) on behalf of defendants (e) using an a prerecorded or artificial voice (f) with respect to whom defendants cannot provide evidence of express written consent prior to the call.

47.     Each class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of each class.

48.     There are questions of law and fact common to the class members that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.      Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to phones registered on the Do Not Call Registry;

b.      Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using an artificial or prerecorded voice without the express written consent of the person called.

c.      The manner in which defendants compiled or obtained the list of telephone numbers;

d.      Whether defendants obtained the consent of the called parties;

e.      Whether defendants thereby violated the ICFA;

49.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel has any interests which might cause them not

to vigorously pursue this action.

50.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

51.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

52.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1)     Compensatory and punitive damages;

(2)     An injunction against further violations;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other or further relief as the Court deems just and proper.

### COUNT III – ILLINOIS RESTRICTED CALL REGISTRY ACT

53.     Plaintiff incorporates paragraphs 1-19.

54.     815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

55.     815 ILCS 402/5(a)  defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of the person or the person's spouse, or an individual who has power of attorney from or an authorized

agent of the person or the person's spouse."

56.     815 ILCS 402/5(e) defines "Telephone solicitation" to mean --

**any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**

**(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:**

**(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.**

**(B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.**

**(C) The telephone solicitation is made 30 business days after a product or service becomes available where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;**

**(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;**

**(3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .**

57.     815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit

10

of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

58.     815 ILCS 402/50 provides:

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

59.     Plaintiff is a "residential subscriber" within the meaning of the Restricted Call Registry Act.

60.     Defendants violated the Restricted Call Registry Act by making a telephone solicitation to plaintiff more than 45 days after plaintiff placed his number on the National Do Not Call Registry.

61.     Defendants violated the Restricted Call Registry Act even if its actions were only negligent.

62.     Plaintiff is entitled to statutory damages for defendants' violation of the Restricted Call Registry Act.

## CLASS ALLEGATIONS

63.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

64.     The class consists of (a) all Illinois residents who (b) during a period beginning one year prior to the filing of this action, (c) received a call on behalf of defendants (d) after

having placed their telephone numbers on the National Do Not Call Registry more than 45 days prior to the call, (e) which call advertised the commercial availability of any property, goods, or services of defendants.

65.     On information and belief, the class is so numerous that joinder of all members is impractical.

66.     Plaintiff alleges that there are more than 40 members of the class.

67.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These questions include:

        a.     Whether defendants timely obtain numbers on the National Do Not Call Registry;

        b.     The manner in which defendants place telemarketing calls.

68.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving  unlawful business practices. Neither plaintiff nor plaintiff's counsel  has any interests adverse to or in conflict with the absent class members.

69.     A class action is a superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class members and against defendants for:

        (1)     Statutory damages;

        (2)     Injunctive relief;

        (3)     Costs;

        (4)     Such other and further relief as the Court may deem just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

I, Merrill Primack, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the facts stated in the foregoing complaint are true to the best of my knowledge and belief.

Merrill Primack

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edleman
_____
Daniel A. Edelman